IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE JAMES TURPIN, JR.
850 Windy Hill Road
Smyrna, GA 30081,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Justice
Attn: Mr. Jefferson Sessions, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Attn: Mr. Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

US Department of Defense
Attn: Mr. James Mattis, Secretary
1400 Defense Pentagon
Washington, DC 20301-1400

Department of the Air Force
Attn: Dr. Heather Wilson, Secretary of the Air Force
1690 Air Force Pentagon
Washington, DC 20310-1670

        Defendant.

---

Plaintiff Willie James Turpin, Jr., by and through his undersigned attorneys, for his complaint herein, alleges as follows:

## I. INTRODUCTION

1. This is an action for judicial review of an improper administrative denial of disability benefits by the United States Air Force to Plaintiff under the terms of the

Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II. JURISDICTION

2. Jurisdiction in this action is predicated upon 38 USC §1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

## III. VENUE & PARTIES

3. Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by the United States Department of the Air Force. The President of the United States, seated in Washington D.C., as Commander in Chief of the United States Armed Forces directs the Department of Defense and United States Air Force under the authority of the Executive Branch. The United States Attorney's office traditionally represents the interests of United States in TSGLI cases, on behalf of the named executive and agency representatives.

## IV. FACTUAL ALLEGATIONS

4. All allegations contained in the previous paragraphs are incorporated herein by reference.

5. The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment for service members injured as a result of a traumatic event.

6. TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred.

7. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8. For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10. All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

11. Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

1) Sensory losses

2) Burns

3) Paralysis

4) Amputation

5) Limb Salvage

6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/TBI combined with another injury

3

12. If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above. Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

13. TSGLI claims adjudicators "should depend heavily on the Part B Certification and limit additional medical documentation" unless there is "an apparent error or discrepancy in the information provided in the claim application, or if the claimed loss is clearly inconsistent with the injury".

### a. Plaintiff's Traumatic Injury and TSGLI Claim

14. All allegations contained in the previous paragraphs are incorporated herein by reference.

15. At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Air Force.

16. In the instant case, Plaintiff sustained traumatic injuries on May 13, 2009, while on active duty, had an accident while patrolling on an ATV and his right leg was run over and crushed.

17. As a result, Plaintiff received serious traumatic injuries including comminuted fractures of his right tibia and fibula. Plaintiff required surgical repair to address. Due to those traumatic injuries, Plaintiff was unable to safely and effectively engage in certain activities of daily living (ADLs) without assistance for a period of over 90 days.

### b. Certification by a Medical Professional

18. All allegations contained in the previous paragraphs are incorporated herein by reference.

19. In Plaintiff's case, a medical professional, Dr. Dennis Hopkins, certified his individual claim for an inability to independently bathe and dress while recovering from his lower extremity injuries for a period of over 90 days. Dr. Hopkins signed Plaintiff's Part B form, certifying Plaintiff's qualification for TSGLI benefits on the basis of his traumatic injury.

20. On or about November 14, 2012, Plaintiff submitted his application for TSGLI benefits, including the signed Part B form provided by Dr. Dennis Hopkins, and other pertinent medical and documentary evidence that corroborated Plaintiff's claim.

### c. Plaintiff's Personal Statement and Caregiver Statement by Charlotte Turpin

21. All allegations contained in the previous paragraphs are incorporated herein by reference.

22. In addition to the other supportive evidence he furnished to Defendant, Plaintiff provided Defendant a personal statement, and a "caregiver statement" from his mother who helped him after his injury. These statements give a detailed description about the physical assistance Plaintiff needed for several months following his traumatic injury. Ultimately, Defendant gave utterly no deference to these statements in denying Plaintiff's claim, despite that they overwhelmingly corroborate his claim.

### d. Denial of Claim and Exhaustion of Administrative Appeals

23. All allegations contained in the previous paragraphs are incorporated herein by reference.

24. Plaintiff has received three denials of his TSGLI claim by Defendant during the administrative agency review process.

25. In a letter from Defendant dated February 8, 2013 in response to Plaintiff's application for TSGLI benefits, Plaintiff's claim was denied on the basis that, "Your claim for the inability to perform activities of daily living (ADLs) due to traumatic injury (other than traumatic brain injury) was not approved because your loss did not meet the TSGLI standards."

26. Plaintiff appealed the denial, and his claim was again denied by Defendant in a letter dated October 10, 2013, indicating that, "Regrettably, I must deny your appeal. As explained in the Office of Servicemember's Group Life Insurance letter denying your initial claim, your loss does not meet the eligibility criteria for inability to perform activities of daily living. We re-examined your claim and additional documents provided with your appeal package. Unfortunately, the medical documentation does not support that you were unable to perform at least two of the six activities of daily living (ADLs) for at least 30 consecutive days."

27. Plaintiff appealed his claim to Defendant through the Air Force Board for Correction of Military Records. In a letter dated April 16, 2015, Defendant again denied Plaintiff's claim on the basis that, "Insufficient relevant evidence has been presented to demonstrate the existence of error or injustice. We took noticed of the applicant's complete submission, to include his rebuttal response, in judging the merits of the case; however, we agree with the opinion and recommendation of the Air Force OPR and adopt the rationale expressed as the basis for our conclusion the applicant has not been the victim of an error of injustice. Therefore, in the absence of evidence to the contrary, we find no basis to recommend granting the requested relief."

28. Plaintiff subsequently exhausted the administrative appeals available to him, with a denial at each level of appeal.

29. Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

30. Further, in this case Defendant's denial of Plaintiff's claim runs contrary to the preponderance of the evidence, or is otherwise unsupported by substantial evidence.

31. Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records. Defendant gave not deference to the other strong corroborating evidence, including the medical records, personal statement of Plaintiff, and "caregiver statement" of Charlotte Turpin in denying this claim.

32. Defendant failed to provide a justification for its position based on substantial evidence or credible, rebuttable medical opinion; or give a reasonable explanation why the greater weight of the evidence in the record does not support Plaintiff's claim.

33. Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for a payment of TSGLI benefits of $75,000 for his inability to safely bathe and dress for a period of over 90 days without assistance.

34. Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

35. Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

36. All allegations contained in the previous paragraphs are incorporated herein by reference.

37. Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia*, upon Defendant's

 a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

 b. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

 c. addition of additional unauthorized criteria for TSGLI claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

 a. an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay, or timely compliance with the Court's order;

 b. an award of interest, costs and attorneys' fees as provided by statute;

 c. an award of attorneys' fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

    d.    such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 26, 2017

_____
Jake R. Jagdfeld (#MN0002)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff